# In the United States Court of Federal Claims

No. 16-53
(Filed: March 3, 2026)

```
*****************************************
JASON D. ENGLE,                         *
                                        *
                Plaintiff,              *
                                        *
        v.                              *
                                        *
THE UNITED STATES,                      *
                                        *
                Defendant.              *
*****************************************
```

*Jason D. Engle*, O'Fallon, IL, pro se.

*Collin T. Mathias,* U.S. Department of Justice, Civil Division, Washington, DC, counsel for Defendant. With whom was *Adam E. Frey*, General Litigation Division, Department of the Air Force, of counsel.

## <u>OPINION AND ORDER</u>

**DIETZ, Judge.**

Lieutenant Colonel Jason D. Engle, United States Air Force, Retired ("Lt Col Engle"),[1] maintains this wrongful discharge action seeking a correction to his military records, active duty promotion, back pay, and other relief under the Military Pay Act ("MPA"), 37 U.S.C. § 204. Previously, the United States Court of Appeals for the Federal Circuit ("Federal Circuit") determined that the Air Force wrongfully did not select Lt Col Engle for continuation after he was twice passed over for promotion. *Baude v. United States*, 955 F.3d 1290 (Fed. Cir. 2020). On remand, Lt Col Engle was selected for continuation by a special board. However, he claims that the relief offered by the Air Force Board for Correction of Military Records ("AFBCMR" or "Board") is arbitrary, capricious, and contrary to law. Before the Court are the parties' cross-motions for judgment on the administrative record filed pursuant to Rule 52.1 of the Rules of the United States Court of Federal Claims ("RCFC"). For the reasons stated below, the Court **GRANTS-IN-PART** and **DENIES-IN-PART** the parties' cross-motions.

---

[1] The Court refers to the plaintiff throughout this Opinion and Order as Lt Col Engle out of respect for his active duty retirement in the grade of lieutenant colonel, effective December 1, 2021, which he earned based upon a combination of active duty service in the Air Force and service on active duty orders in the Air Force Reserve.

## I.     BACKGROUND

On June 13, 1996, Lt Col Engle began serving on active duty in the Regular Air Force in the grade of second lieutenant. AR 655, 660.[2] After serving nearly fifteen and a half years and achieving the grade of major, he was discharged from active duty on November 30, 2011, because he was twice passed over for promotion to the grade of lieutenant colonel and was not selected for continuation. *See* AR 168 (Lt Col Engle's Department of Defense ("DD") Form 214, "Certificate of Release or Discharge from Active Duty," showing his narrative reason for separation as "NON-SELECTION, PERMANENT PROMOTION" under Air Force Instruction ("AFI") 36-3207). Discharge under these circumstances is governed by federal statute, 10 U.S.C. § 632, and is referred to as the "up-or-out" promotion system. AR 269 (assessment prepared for the Assistant Secretary of Defense regarding the "up-or-out" promotion system). Under this system, officers are subject to discharge when twice passed over for promotion but may remain on active duty if recommended for continuation by a selection board. 10 U.S.C. § 611.

Regulations promulgated by the Secretary of Defense govern the selection boards that consider officers for continuation. *See* 10 U.S.C. § 637(e) (requiring the Secretary of Defense to "prescribe regulations for the administration" of the selection of regular officers for continuation on active duty). As pertinent to this case, Department of Defense Instruction ("DoDI") 1320.08 created a general presumption that officers within six years of retirement "shall normally be selected for continuation . . . [absent] unusual circumstances such as when an officer's official personnel record contains derogatory information." DEP'T OF DEF., INSTRUCTION NO. 1320.08, CONTINUATION OF COMMISSIONED OFFICERS ON ACTIVE DUTY AND ON THE RESERVE ACTIVE STATUS LIST, ¶ 6.3 at 3 (2007). On December 6, 2010, however, the Secretary of the Air Force ("the Secretary") narrowed the general presumption to five years, decreasing the time within which officers benefited from the six-year continuation presumption. AR 275 ("Majors who will qualify for retirement within five years of 30 November 2012 shall normally be continued."). Lt Col Engle was reviewed for promotion after December 6, 2010, and was therefore subject to continuation boards which applied the five-year presumption. *See Baude*, 955 F.3d at 1292-93.

After not being selected for continuation, Lt. Col Engle accepted an appointment in the Air Force Reserve in the grade of major on December 1, 2011.[3] AR 154, 158. Shortly thereafter, Lt Col Engle was recalled to active duty service for a deployment to Kyrgyzstan. AR 166-67. While on active duty orders, he was promoted to the grade of lieutenant colonel in the Air Force Reserve on August 10, 2012. *Id.*, AR 170. On November 14, 2012, he was released from active duty service and returned to reserve status. AR 166.

---

[2] The Court cites to the administrative record filed by the government at [ECF 71] as "AR __" and to the filings on the docket using the page numbers generated by the CM/ECF system.

[3] The Regular Air Force and Air Force Reserve are distinct components of the Air Force. The Regular Air Force is comprised of active duty personnel who serve on a full-time basis, *see* 10 U.S.C. §§ 9011-9842, and the Air Force Reserve is comprised of personnel who serve on a part-time basis, *see* 10 U.S.C. §§ 10001-18506, but may be called to active duty service on a temporary basis, *see, e.g.*, 10 U.S.C. § 12304b.

On August 2, 2013, Lt Col Engle submitted a DD Form 149 challenging the Secretary's decision to narrow the six-year continuation presumption in DoDI 1320.08.[4] AR 193-208. Between March and June 2014, the AFBCMR sent Lt Col Engle several advisory opinions related to his DD Form 149, AR 353-65, 380-82, and Lt Col Engle responded to them, AR 366-79, 383-99. The Board denied Lt Col Engle's application on January 28, 2015. AR 177-92.

On January 12, 2016, Lt Col Engle filed a complaint in this Court challenging his non-continuation and involuntary separation as contrary to law and seeking reinstatement and consideration for active duty continuation. Compl. [ECF 1] ¶ 1. On March 7, 2016, the Court consolidated his case with fifteen other cases filed by Air Force majors who were similarly not selected for continuation. Def.'s Unopposed Mot. to Consolidate [ECF 6]; Order [ECF 7]. Thereafter, the Court remanded the case to the AFBCMR to determine whether the plaintiffs should receive special board consideration for continuation. *See* Lt Col Engle's AFBCMR Remand Decision [ECF 8] at 1. On March 15, 2017, the Board denied Lt Col Engle special board consideration. *Id.* at 2-6; AR 403-07. The Court subsequently upheld the AFBCMR's denial of special board consideration. *Baude v. United States*, 137 Fed. Cl. 441 (2018), *rev'd in part*, *vacated in part*, 955 F.3d 1290 (Fed. Cir. 2020).

Lt Col Engle appealed the Court's decision, and on April 9, 2020, the Federal Circuit reversed it. *Baude*, 955 F.3d 1290. The Federal Circuit held that the AFBCMR's decision was arbitrary, contrary to law, and unsupported by substantial evidence because the Secretary did not have the authority to reduce the six-year continuation presumption in DoDI 1320.08 to five years. *Id.* at 1298-1306. The Federal Circuit ordered the Court to remand Lt Col Engle's case to the AFBCMR "with instructions to convene a special board for reconsideration of [his] non-continuation through a process consistent with the plain meaning of DoDI 1320.08." *Id.* at 1306.

On November 19, 2020, the Court remanded the case to the AFBCMR to convene a special board for Lt Col Engle, AR 409, which was convened on March 25, 2021, AR 412. The special board selected Lt Col Engle for continuation and asked him to "complete the attached contract either accepting or declining continuation by 27 May 21." *Id.* On May 12, 2021, Lt Col Engle responded to the Air Force, "concerning the continuation offer and its impact upon matters such as [his] rank, backpay, constructive service credit, and status in the [r]eserves." AR 420. Thereafter, in a June 24, 2021, letter to the AFBCMR, he "request[ed] additional action be taken to ensure [he] receive thorough and fitting relief in response to [*Baude*]," AR 419, because "[t]he continuation offer appears to be asking [him] to accept continuation as if it was 2011 with no regard for the last 10 years of [his] military service," AR 420. In addition, he requested that the AFBCMR recommend him for active duty promotion to lieutenant colonel based on his reserve promotion and service record in the same grade, AR 419, or that he be considered by a special selection board ("SSB") for promotion to lieutenant colonel, AR 422. On July 19, 2021, he formalized this request by submitting a DD Form 149 to the Board. AR 86-106.[5]

---

[4] DD Form 149 is entitled "Application for Correction of Military Record Under the Provisions of Title 10, U.S. Code, Section 1552." AR 193.

[5] During the pendency of this litigation, Lt Col Engle continued to serve in the Air Force Reserve (including several periods on active duty orders). *See, e.g.*, AR 159 (DD Form 214 showing active duty service from March 5, 2020 – September 14, 2021), 163 (DD Form 214 showing active duty service from October 1, 2017 – November 9, 2019),

On February 6, 2022, the AFBCMR sent Lt Col Engle its first decision ("2022 Decision"). AR 77-85. The AFBCMR recommended that Lt Col Engle's records be corrected to show that he was not discharged from active duty on November 30, 2011, but continued to serve until June 30, 2016, when he was honorably discharged for retirement; that he retired from active duty as a major on July 1, 2016; and that he was approved for inter-service transfer to the Air Force Reserve as a major on July 2, 2016. AR 83. The Board also stated the following in its findings and conclusion:

> Pursuant to the [*Baude*] remand order and [Lt Col Engle's] selection for continuation, the Board recommends [Lt Col Engle's] records be corrected to show he was not discharged from active duty on 30 Nov 11 but was continued on active duty until 30 Jun 16 (20 years) and was retired from active duty on 1 Jul 16 in the grade of major. The Board further recommends [Lt Col Engle's] records be corrected to show he was approved for an inter-service transfer to the Air Force Reserve on 2 Jul 16, after his 20 year retirement rather than on 1 Dec 11. The Board also notes [Lt Col Engle] was competitively selected for promotion to lieutenant colonel by a [r]eserve [Central Selection Board ("CSB")] with [Date of Rank ("DOR")] and effective date 10 Aug 12. While this Board does not have the authority to direct an officer's promotion, it is within the Board's authority to award service credit for DOR. Accordingly, in the interest of justice, the Board recommends [Lt Col Engle] retain his [r]eserve Air Force promotion to lieutenant colonel with DOR and effective date 10 Aug 12. In view of the passage of time and the challenges in making [Lt Col Engle] whole, the Board is persuaded the recommended correction is proper and just.

AR 82. Further, the AFBCMR denied Lt Col Engle's request for an active duty promotion to lieutenant colonel, stating that it "does not find it compulsory or in the interest of justice to provide [him] SSB consideration for promotion to lieutenant colonel." AR 83. The Director of the Air Force Review Boards Agency, acting under delegated authority from the Secretary, adopted the recommendations and ordered that Lt Col Engle's records be corrected accordingly. AR 85.

On April 4, 2022, Lt Col Engle submitted another DD Form 149 to the AFBCMR requesting reconsideration. AR 22-46. Therein, he informed the Board that it failed to obtain his consent to continuation as required under 10 U.S.C. § 1558(c)(2)(A), AR 40, and that the record corrections "could be viewed as a demotion," AR 41 (emphasis omitted). On November 14, 2022, the AFBCMR sent Lt Col Engle an advisory opinion related to his reconsideration request, AR 64-66, and Lt Col Engle responded on December 11, 2022, AR 67-76.

---

166 (DD Form 214 showing active duty service from April 4, 2012 – November 14, 2012). He qualified for an active duty retirement in the grade of lieutenant colonel and retired on December 1, 2021. AR 672.

On September 6, 2023, the AFBCMR sent Lt Col Engle its second decision in this case ("2023 Decision").[6] AR 12-20. In this decision, the Board recommended "informing [Lt Col Engle that] the evidence did not demonstrate material error or injustice to warrant relief beyond continuation" and that its "prior correction granting selective continuation is rescinded and the Board's offer of selective continuation in the rank of major effective 1 Dec 11 shall remain open for 180 days." AR 19. The AFBCMR explained as follows:

> The Board granted [Lt Col Engle] selective continuation with retirement in the rank of major with 20 years of active duty service effective 1 Jul 16 but denied his remaining requests per the rationale in the [2022 Decision]. The Board understood the continuation period overlapped with time [Lt Col Engle] performed service in the Air Force Reserve and that the Defense Finance and Accounting Service would compute [his] entitlement to pay and allowances since by law compensation from more than one federal position for the same period is prohibited. The Board had no intent to harm [Lt Col Engle] and understood he would be provided any back pay and allowances owed him as a result of his continuation, retirement in the rank of major, and that his retired pay would be recomputed for his retirement on 1 Dec 21 in the rank of lieutenant colonel. However, [Lt Col Engle] contends that the AFBCMR had no statutory authority to correct his records to show he consented to continuation and that he would have refused continuation if denied an active duty promotion to the rank of lieutenant colonel. In this respect, given [Lt Col Engle] does not consent to continuation and the Board does not recommend his name be added to a lieutenant colonel promotion list or that he be considered for promotion to lieutenant colonel by an SSB, the Board recommends the [2022 Decision] be rescinded in accordance with AFBCMR procedures. However, should [Lt Col Engle] wish to have his records corrected to show he was continued on active duty on 1 Dec 11, he may do so by notifying the Board within 180 days from the date of this decision. If [Lt Col Engle] accepts continuation, the applicant should also inform the Board if he concurs with reinstatement and retirement from active duty in the rank of major with 20 years of service.

AR 18. The Director of the Air Force Review Boards Agency, acting under delegated authority from the Secretary, informed Lt Col Engle that "the [AFBCMR] determined there was insufficient evidence of an error or injustice" and that his "application is denied." AR 20. The Director further acknowledged that Lt Col Engle was "previously chosen for selective continuation and approved for retirement at the rank of major with 20 years of active-duty service, effective from 1 July 2016" and explained that "[a]lthough the AFBCMR is rescinding that directive at your request because you do not consent to continuation, the original offer of continuation at the rank of major shall remain open for 180 days from the date of this letter." *Id.*

---

[6] The Board decision is dated August 23, 2023. AR 19.

On January 31, 2024, Lt Col Engle submitted another DD Form 149, again requesting reconsideration. AR 481-508. Therein, he stated:

> I consent in accordance with 10 U.S.C. § 1558(c)(2)(A) to be restored to the same status, rights, and entitlements (less appropriate offsets against back pay and allowances) that I would have had in the Air Force had I not been involuntarily separated as a result of the action of the CY11A Major Selective Continuation Board if [certain] corrections . . . are made to my military records.

AR 505-06. Specifically, Lt Col Engle requested that his records be corrected to show that

> (1) He was not discharged from active duty on 30 November 2011 but continued to serve on active duty until 30 June 2016, when honorably discharged for retirement;
>
> (2) On 1 July 2016, he retired from active duty in the grade of major;
>
> (3) On 2 July 2016, he was approved for an inter-service transfer to the Air Force Reserve[] in the grade of major;
>
> (4) The effective date of his promotion to lieutenant colonel in the Air Force Reserve[] is changed from 10 August 2012 to 3 July 2016; and
>
> (5) His final grade determination of major upon retirement on 30 June 2016 was reopened in accordance with 10 U.S.C. § 1370(f) and, for good cause (his promotion to that grade by the Air Force Reserve[] and satisfactory active-duty performance in the grade of lieutenant colonel for more than three years), was determined to be in the grade of lieutenant colonel effective 1 December 2021.

AR 506. He also stated that "[s]ubject to judicial review of the AFBCMR's decision, [he does] not consent to restoration of [his] status, rights, and entitlements if the record corrections are limited to those identified in [(1) through (3) above]." *Id.* The Board sent Lt Col Engle several advisory opinions regarding his requested record corrections on June 13, 2024, AR 664-69, 673-78, and Lt Col Engle responded thereto on July 1, 2024, AR 679-87.

On October 17, 2024, the AFBCMR sent Lt Col Engle its latest decision in this case denying his request for reconsideration ("2024 Decision"). AR 1-11. "The Board recommend[ed] informing [Lt Col Engle that] the evidence did not demonstrate material error or injustice." AR 11. It further explained:

> The Board notes [Lt Col Engle] does not consent to continuation if he is not granted an active duty retirement in the grade of O-5

6

[lieutenant colonel] and awarded additional service credit and asks the Board to notify him before any decision is issued by the Board. The Board finds [Lt Col Engle's] request would result in a windfall and he is asking the Board to put him in a better position than he would have been but for the error. [Lt Col Engle] also contends [that] the Board would be in violation of 10 U.S.C. § 1558 by failing to recognize his [Air Force Reserve] promotion to the grade of O-5 [lieutenant colonel] for an active duty retirement. [Lt Col Engle] is reminded 10 U.S.C. § 1558 requires the [Secretary] to ensure a wrongfully board separated person, with that person's consent, be restored to the same status, rights[,] and entitlements (less appropriate offsets against back pay and allowances) as the person would have had if the person had not been selected to be involuntarily board[-]separated[.] In [Lt Col Engle's] case, the Board finds reinstatement, continuation to 20 years[,] and an active duty retirement in the grade of O-4 [major] on 1 Jul 16 is fit and proper relief and is the restoration of status he is entitled to receive. The [Federal Circuit] ordered the Air Force to consider [Lt Col Engle] by a [special board] for continuation and the Board has fully complied.

AR 10. The AFBCMR also denied Lt Col Engle's request for an SSB. *Id.* The Director of the Air Force Review Boards Agency, acting under delegated authority from the Secretary, informed Lt Col Engle that "there was insufficient evidence of an error or injustice" and that his "application is denied." AR 1.

On November 15, 2024, Lt Col Engle filed a post-remand notice under RCFC 52.2(e) informing the Court that "[t]he [AFBCMR's] final decision does not afford a satisfactory basis for disposition of [his] case." [ECF 67] at 2. He requested that the Court establish a schedule "for submission of the administrative record and motions for judgement on the administrative record." *Id.* at 3. The Court issued a scheduling order on December 4, 2024, for filing cross-motions for judgment on the administrative record. [ECF 69]. On February 28, 2025, Lt Col Engle filed his motion for judgment on the administrative record. Pl.'s Mot. for J. on the Admin. R. [ECF 72]. The government filed its cross-motion for judgment on the administrative record on March 23, 2025. Def.'s Mot. for J. on the Admin. R. [ECF 77]. The motions are fully briefed, *see* Pl.'s Resp. [ECF 78]; Def.'s Reply [ECF 81], and oral argument was held on December 9, 2025, *see* Certified Tr. [ECF 84].

## II.    STANDARD OF REVIEW

Under RCFC 52.1(a), a party may move for judgment on the administrative record "[w]hen proceedings before an agency are relevant to a decision in a case." Such a motion "provides a procedure for parties to seek the equivalent of an expedited trial on a 'paper record, allowing fact-finding by the trial court.'" *Young v. United States*, 497 F. App'x 53, 58-59 (Fed. Cir. 2012) (quoting *Bannum v. United States*, 404 F.3d 1346, 1356 (Fed. Cir. 2005)). When considering a motion for judgment on the administrative record, the court must decide "whether

the administrative body, given all the disputed and undisputed facts appearing in the record, acted in a manner that complied with the legal standards governing the decision under review." *Williams v. United States*, 116 Fed. Cl. 149, 157 (2014); *accord Harmonia Holdings Grp., LLC v. United States*, 20 F.4th 759, 766 (Fed. Cir. 2021) (noting that RCFC 52.1(c)(1) limits the court's inquiry to "whether, given all the disputed and undisputed facts, a party has met its burden of proof based on the evidence of record" (quoting *XOtech, LLC v. United States*, 950 F.3d 1376, 1379 (Fed. Cir. 2020))).

When reviewing decisions by military correction boards, the court applies the standard of review set forth in the Administrative Procedure Act. *Sharpe v. United States*, 935 F.3d 1352, 1358 (Fed. Cir. 2019). Under this standard, the court determines whether the board's decision is "arbitrary, capricious, unsupported by substantial evidence, or contrary to applicable statutes and regulations." *Melendez Camilo v. United States*, 642 F.3d 1040, 1044 (Fed. Cir. 2011) (quoting *Heisig v. United States*, 719 F.2d 1153, 1156 (Fed. Cir. 1983)). The board's decision is arbitrary and capricious if the board "entirely fail[s] to consider an important aspect of the problem, offer[s] an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." *Kelly v. United States*, 69 F.4th 887, 894-95 (Fed. Cir. 2023) (alterations in original) (quoting *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983)). "Although many formulations of the arbitrary and capricious standard of review exist, when the standard is applied to military pay cases . . . , the court is largely concerned with whether the correction board's decision is procedurally fair and supported by substantial evidence." *Keller v. United States*, 113 Fed. Cl. 779, 786-87 (2013) (citing *Heisig*, 719 F.2d at 1156 n.12), *aff'd*, 565 F. App'x 873 (Fed. Cir. 2014). Additionally, the board's decision "may be reviewed for failure to correct plain legal error committed by the military[,] . . . includ[ing] the military's 'violation of statute, or regulation, or published mandatory procedure, or unauthorized act.'" *Dodson v. U.S. Gov't, Dep't of Army*, 988 F.2d 1199, 1204 (Fed. Cir. 1993) (internal citations omitted) (quoting *Skinner v. United States*, 594 F.2d 824, 830 (Ct. Cl. 1979)).

"Generally, 'military administrators are presumed to act lawfully and in good faith like other public officers, and the military is entitled to substantial deference in the governance of its affairs.'" *Williams*, 116 Fed. Cl. at 158 (quoting *Dodson*, 988 F.2d at 1204). "[I]n military administrative decisions, '[t]he reasons need not be expressed in great detail. All that is required is sufficient notification to the serviceman to permit him, if he may, to rebut the board's action.'" *Boyer v. United States*, 323 F. App'x 917, 920 (Fed. Cir. 2009) (second alteration in original) (quoting *Craft v. United States*, 544 F.2d 468, 474 (1976)). A servicemember "who has sought relief from a correction board is bound by its decision unless he can 'demonstrat[e] by cogent and clearly convincing evidence that the correction board acted arbitrarily, capriciously, contrary to law, or that its determination was unsupported by substantial evidence.'" *Williams*, 116 Fed. Cl. at 158 (alteration in original) (quoting *Arens v. United States,* 969 F.2d 1034, 1037 (Fed. Cir. 1992)). When a military board "examine[s] all the relevant facts in the record and explain[s] its conclusions, . . . [even if] 'reasonable minds could reach differing conclusions on the same evidence,' the court must uphold [its] decision," *Stine v. United States*, 92 Fed. Cl. 776, 791 (2010) (internal citations omitted) (quoting *Heisig*, 719 F.2d at 1156; *Kirwin v. United States*, 23 Cl. Ct. 497, 505 (1991)), *aff'd*, 417 F. App'x 979 (Fed. Cir. 2011).

8

## III.    DISCUSSION

Lt Col Engle raises four challenges. First, he argues that the AFBCMR is required to correct his military record to remove his involuntary separation. [ECF 72] at 17. Second, he contends that the relief offered by the AFBCMR violates 10 U.S.C. § 1552. *Id.* at 33. Third, he argues that he is entitled to an SSB under 10 U.S.C. § 628(a)(1) and that the Board's denial of his request for an SSB violates the statute. *Id.* at 15. Fourth, he argues that the AFBCMR arbitrarily denied his request for an active duty promotion to lieutenant colonel. *Id.* at 27. As explained below, the Court finds that the AFBCMR is required to correct Lt Col Engle's military records to remove his involuntary separation, the relief offered by the AFBCMR does not violate 10 U.S.C. § 1552, the AFBCMR violated 10 U.S.C. § 628(a)(1) by denying Lt Col Engle an SSB, and the AFBCMR rationally denied Lt Col Engle's request for an active duty promotion to lieutenant colonel.

### A.    Lt Col Engle is Entitled to a Record Correction

Lt Col Engle argues that "[t]he AFBCMR violated [Department of the Air Force Instruction ("DAFI")] 36-2501 by not correcting [his] military records to remove the record of involuntary discharge . . . and violated 10 U.S.C. § 1558 by not ordering the relief prescribed by 10 U.S.C. § 1558(c)(3)." [ECF 72] at 17 (emphasis omitted). He contends that he "was entitled . . . to not consent to [the] corrections [offered by the AFBCMR] and still have [his] military record corrected based on the [Secretary's] approval of the recommendation of the special board that [he] be continued," and that "[s]ince [he] did not consent . . . , [he] was entitled to receive . . . backpay . . . and service credit . . . , with no change to [his r]eserve records other than those resulting from the increase in service credit." *Id.* at 20. In response, the government argues that Lt Col Engle's request for relief under 10 U.S.C. § 1558(c)(3) "is premature because [he] has not yet indicated whether he accepts or rejects continuation," [ECF 77] at 29, and that "before any damages under [10 U.S.C.] § 1558(c)(3) are awarded, [he] must clearly indicate whether he accepts the [B]oard's offered continuation," *id.* at 30. The Court finds that, under 10 U.S.C. § 1558(a) and AFI 36-2501, the Secretary is required to correct Lt Col Engle's record to remove his involuntary separation because a special board selected him for continuation and that he is entitled to such correction regardless of whether he consents to restoration under 10 U.S.C. § 1558(c). Additionally, the Court finds that Lt Col Engle's request for back pay and service credit under 10 U.S.C. § 1558(c)(3) is premature.

10 U.S.C. 1558(a) states that the Secretary "may correct a person's military records in accordance with a recommendation made by a special board."[7] AFI 36-2501, in effect at the time Lt Col Engle was selected for continuation, states that "[w]hen [the Secretary] approves the report of a [s]pecial [b]oard that recommends relief for a person under consideration, he/she will direct that the military record of that person be corrected to the extent necessary to give full effect to the recommendation of the [s]pecial [b]oard." DEP'T OF THE AIR FORCE, INSTRUCTION

---

[7] The statute defines "special board" as "a board that the Secretary of a military department convenes under any authority to consider whether to recommend a person for appointment, enlistment, reenlistment, assignment, promotion, retention, separation, retirement . . . instead of referring the records of that person for consideration by a previously convened selection board which considered or should have considered that person." 10 U.S.C. § 1558(b)(1)(A).

No. 36-2501, Air Force Materiel Command Supplement, Personnel, Officer Promotions and Selective Continuation, A.13.6.2 at 113 (2015).[8] Here, following the *Baude* decision, the Secretary convened a special board to consider whether Lt Col Engle should be continued and the special board selected him for continuation. AR 412. Because section 1558(a) provides that the Secretary "*may* correct a person's military records in accordance with a recommendation," 10 U.S.C. § 1558(a) (emphasis added), the Secretary has discretion to correct Lt Col Engle's military record to show that he was selected for continuation. *Kingdomware Techs., Inc. v. United States*, 579 U.S. 162, 163 (2016) ("The word 'shall' usually connotes a requirement, unlike the word 'may,' which implies discretion."). However, once the Secretary approved the recommendation that Lt Col Engle be continued, AFI 36-2501 required that the Secretary direct the correction of Lt Col Engle's record "to the extent necessary to give full effect to the recommendation of the special board." AFI 36-2501, A.13.6.2 at 113. The record shows that the Secretary approved the special board's recommendation that Lt Col Engle be continued. *See* AR 412 (Apr. 27, 2021, memorandum notifying Lt Col Engle of his selection for continuation); AR 82 (excerpt from 2022 Decision acknowledging Lt Col Engle's selection for continuation). Therefore, the Secretary is required to correct Lt Col Engle's military record to show that he was selected for continuation and not involuntarily board-separated.

Under 10 U.S.C. § 1558(c)(1), "[t]he Secretary . . . shall ensure that an involuntarily board-separated person receives relief under paragraph (2) or under paragraph (3) if the person, as a result of a correction of the person's military records under subsection (a), becomes entitled to retention on or restoration to active duty." Because Lt Col Engle's record must be corrected to show that he was selected for continuation, the Secretary is required to ensure that he receives relief under paragraph (2) or paragraph (3).[9] Under 10 U.S.C. § 1558(c)(2)(A), Lt Col Engle is entitled—with his consent—to "be restored to the same status, rights, and entitlements (less appropriate offsets against back pay and allowances)" that he would have had but for his involuntary separation. In its 2024 Decision, the AFBCMR acknowledged its obligation under 10 U.S.C. § 1558(c)(2)(A) and concluded that, in Lt Col Engle's case, "reinstatement, continuation to 20 years and an active duty retirement in the grade of O-4 [major] on 1 Jul 16 is . . . the restoration of status he is entitled to receive." AR 10. Putting aside Lt Col Engle's entitlement to promotion consideration—which the Court addresses below—this offered relief restores Lt Col Engle to the same status, rights, and entitlements he would have had if he had not been involuntarily separated and thus satisfies the Secretary's obligation under 10 U.S.C. § 1558(c)(2)(A).

---

[8] Lt Col Engle cites to the January 12, 2024, DAFI 36-2501, which incorporates Change 1, dated October 8, 2024. [ECF 72] at 5. However, the Court cites to the April 28, 2015, Air Force Materiel Command Supplement to AFI 36-2501 because it was in effect at the time Lt Col Engle was selected for continuation. Dep't of the Air Force, E-Publishing Obsolete Products Search: AFI36-2501, https://www.e-publishing.af.mil/Tools/Obsolete-Products/#/?view=search&keyword=AFI36-2501&isObsolete=true&modID=519&tabID=101 [https://perma.cc/VSA3-86VJ] (last visited Feb. 25, 2026) (showing that the Air Force Materiel Command Supplement to AFI 36-2501 was the instruction in effect in March 2021).

[9] The government does not dispute that Lt Col Engle qualifies for relief under paragraphs (2) or (3) of 10 U.S.C. § 1558(c) as an involuntarily board-separated person entitled to restoration to active duty based on his selection for continuation by a post-*Baude* special board. *See* [ECF 84] at 9, *Engle v. United States* (Fed. Cl. Dec. 9, 2025) (No. 16-53) (government agreement with the Court that Lt Col Engle is currently subject to § 1558).

Under 10 U.S.C. § 1558(c)(3), the Secretary is required to pay Lt Col Engle back pay and allowances and to provide him service credit "*if* . . . [he] does not consent to a restoration of status, rights, and entitlements under paragraph (2)." 10 U.S.C. § 1558(c)(3) (emphasis added). Although Lt Col Engle asserts that the AFBCMR violated 10 U.S.C. § 1558(c)(3) by not ordering such relief, his immediate request for this relief is premature because he has yet to decide whether he consents to restoration under 10 U.S.C. § 1558(c)(2)(A). Indeed, in his latest correspondence with the AFBCMR, Lt Col Engle provided *conditional* consent to restoration: "I consent . . . if [the] corrections [] are substantially the same as those [identified below] . . . subject to change if warranted based on judicial review . . . ." AR 505-06. This language constitutes neither a decision to consent under 10 U.S.C. § 1558(c)(2)(A) nor a decision not to consent under 10 U.S.C. § 1558(c)(3). In other words, because Lt Col Engle challenged the relief offered by the AFBCMR under 10 U.S.C. § 1558(c)(2)(A) and conditioned his consent on the outcome of this litigation and subsequent action by the AFBCMR, his request for relief under 10 U.S.C. § 1558(c)(3) is premature.

**B.      The AFBCMR's Offered Relief Does Not Violate 10 U.S.C. § 1552**

Lt Col Engle argues that the AFBCMR's offered relief "violates 10 U.S.C. § 1552" and that, except in limited circumstances, "[t]here is no authority in Title 10 to demote a commissioned officer." [ECF 72] at 34 (citing AR 42). He states that if he consents, he "would not retain [his r]eserve promotion because the AFBCMR's corrections, in effect, reopen [his] final grade determination of lieutenant colonel effective 1 December 2021 to change it to the grade of major effective 1 July 2016." *Id.* (citing AR 489-90). The Court is not persuaded by this argument.

10 U.S.C. 1552(a)(1) provides that the Secretary "may correct any military record of the Secretary's department when the Secretary considers it necessary to correct an error or remove an injustice." This statute "grants to the Secretary, acting through correction boards, broad powers to correct and remedy errors and injustices." *Doyle v. United States*, 599 F.2d 984, 1000 (Ct. Cl. 1979), *amended by* 609 F.2d 990 (Ct. Cl. 1979), *cert. denied*, 446 U.S. 982 (1980), *superseded by statute*, Defense Office Personnel Management Act ("DOPMA"), Pub. L. 96-513, 94 Stat. 2859, *as recognized in*, *Porter v. United States*, 163 F.3d 1304, 1324 (Fed. Cir. 1998). "Although a corrections board may choose not to grant a servicemember the relief requested, '[i]t is clear the statute only confers on the Secretary . . . the power to correct records in favor of a serviceman and never against him." *Lyon v. United States*, 168 Fed. Cl. 520, 527 (2023) (emphasis omitted) (quoting *Doyle*, 599 F.2d at 1000).

Here, the AFBCMR did not correct Lt Col Engle's record against him.[10] Rather, in satisfaction of its obligation under 10 U.S.C. § 1558(c)(2)(A), the Board offered relief that restored Lt Col Engle to the same status, rights, and entitlements that he would have had but for

---

[10] On February 6, 2022, the Air Force Review Boards Agency directed corrections to Lt Col Engle's record based on the recommendation of the AFBCMR in its 2022 Decision. AR 85. In its 2022 Decision, the AFBCMR recommended that Lt Col Engle's record be corrected to show that he was honorably discharged for retirement in the grade of major and that "he was approved for an inter-service transfer to the Air Force Reserve in the grade of major." AR 83. This record correction may have violated 10 U.S.C. § 1552 because it was directed without Lt Col Engle's consent and could have deprived him of his active duty retirement in the grade of lieutenant colonel. However, the AFBCMR rescinded this record correction in its 2023 decision. AR 19.

11

his involuntary separation. That this relief may not benefit Lt Col Engle because of his unique circumstances does not mean that the Secretary has an additional obligation under 10 U.S.C. § 1552 to grant Lt Col Engle his desired relief. Furthermore, by the operation of 10 U.S.C. § 1558(c), the Secretary is not imposing this relief on Lt Col Engle. *See* AR 10-11 ("The applicant must decide between a [Regular Air Force] retirement in the grade of O-4 [major] effective 1 Jul 16 or decline [restoration] and retain his retirement effective 1 Dec 21 in the grade of O-5 [lieutenant colonel]."). Instead, under 10 U.S.C. § 1558(c)(3), Lt Col Engle may decide to not consent to restoration and to receive appropriate back pay, allowances, and service credit.

### C.    Lt Col Engle is Entitled to Promotion Consideration by an SSB

Lt Col Engle argues that "[t]he [Secretary's] error that resulted in [his] involuntary discharge led to another error—[he] did not meet active-duty lieutenant colonel promotion boards [he] would have been eligible to meet from 1 December 2011 through 30 June 2016 . . . ." [ECF 72] at 20. He contends that "[a] determination of whether [he] would have been promoted is necessary to determine the status, rights, and entitlements to which [he] should be restored in accordance with 10 U.S.C. § 1558(c)(2)(A)." *Id.* at 22. He also asserts that the AFBCMR decision to deny his request for an SSB "is contradicted by 10 U.S.C. § 628(a) which establishes that a person who was not considered for promotion by a board the person was eligible to meet due to an administrative error is entitled to an SSB to determine if the person would have been promoted." *Id.* at 21. In response, the government argues that "[t]he fact that, if Lt Col Engle continued to serve in the Regular Air Force, he may have had another promotion board does not establish error." [ECF 77] at 25. It also contends that "until Lt Col Engle accepts continuation, there are no missed promotion opportunities or ability to consider him for a[n SSB]." *Id.* In the government's view, the AFBCMR reasonably denied Lt Col Engle's request for an SSB because he "had no service in the Regular Air Force following his 2011 discharge[, . . . and an SSB] would look at Lt Col Engle's active duty [] officer selection record, which would contain no reports, forms, duty history, or awards from which a board could compare him to any benchmark records." *Id.* at 26. The Court finds that the AFBCMR violated its obligation to provide Lt Col Engle with relief under 10 U.S.C. § 1558(c)(2)(A) by failing to restore his entitlement to promotion consideration and by failing to convene an SSB.[11]

As explained above, 10 U.S.C. § 1558(c)(2)(A) requires that the Secretary provide Lt Col Engle with relief that restores him to the same status, rights, and entitlements that he would have had but for his involuntary separation. Under 10 U.S.C. § 619(b)(1), "an officer who has failed of selection for promotion to the next higher grade remains eligible for consideration for promotion to that grade as long has he continues on active duty in other than a retired status and is not promoted." Here, prior to being involuntarily separated, Lt Col Engle was twice passed

---

[11] Lt Col Engle also argues that the AFBCMR failed to use the harmless error test when denying his request for an SSB. [ECF 72] at 24-27. In response, the government states that Lt Col Engle "ignores the Federal Circuit's analysis in *Porter v. United States* that recognized that § 628 . . . negated the need for the harmless-error analysis." [ECF 77] at 26 (citing 163 F.3d at 1319; *Richey v. United States*, 322 F.3d 1317, 1320 (Fed. Cir. 2003)). The Court agrees with the government. In *Porter*, the Federal Circuit states that "[t]he harmless error test, while necessary to adjudicate cases . . . before the enactment of section 628, is not only unnecessary now, but grafting it onto section 628 is sufficiently problematic for us to reject that possibility." 163 F.3d at 1324. Therefore, the harmless error test was superseded by the statutory requirements of 10 U.S.C. § 628 and is inapplicable here.

over for promotion to the grade of lieutenant colonel. *See* AR 168. However, had he continued on active duty, he would have remained eligible for consideration by promotion boards until his retirement. *See* 10 U.S.C. § 619(b)(1). Specifically, he would have been entitled to meet the active duty lieutenant colonel promotion boards for calendar years ("CY") 2012 through 2016. *See* AR 16 (listing the active duty lieutenant colonel CSBs Lt Col Engle missed because of his involuntary separation). Thus, to fully restore Lt Col Engle to the same status, rights, and entitlements under 10 U.S.C. § 1558(c)(2)(A), the Secretary is required to offer Lt Col Engle relief that restores his entitlement to promotion consideration under 10 U.S.C. § 619(b)(1). The AFBCMR failed to afford Lt Col Engle such relief.

Because Lt Col Engle was entitled to promotion consideration under 10 U.S.C. § 619(b)(1) and did not receive it due to administrative error, the Secretary was required to convene an SSB for him under 10 U.S.C. § 628(a)(1). Section 628(a)(1) states the following:

> If the Secretary . . . determines that because of administrative error a person who should have been considered for selection for promotion . . . by a promotion board was not so considered, the Secretary shall convene a[n SSB] . . . to determine whether that person (whether or not then on active duty) should be recommended for promotion.

10 U.S.C. § 628(a)(1). The statute further provides that the Secretary's decision not to convene an SSB is subject to judicial review and may be set aside if the court deems it "arbitrary or capricious; [] not based on substantial evidence; [] a result of material error of fact or material administrative error; or [] otherwise contrary to law." 10 U.S.C. § 628(g)(1)(A). Here, the AFBCMR's decision to not convene an SSB must be set aside because the AFBCMR arbitrarily failed to determine that administrative error—namely the Secretary's violation of DoDI 1320.08—resulted in Lt Col Engle not being considered for promotion under 10 U.S.C. § 619(b)(1).

10 U.S.C. § 628 does not provide a definition for "administrative error." Therefore, the Court must "give the term its ordinary meaning." *Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 566 (2012). Courts derive the ordinary meaning of terms used in a statute by looking to dictionary definitions in use when Congress enacted the statute at issue. *Id.* Congress enacted 10 U.S.C. § 628 as part of the DOPMA on December 12, 1980. DOPMA, § 628. The Court therefore looks to contemporaneous dictionary definitions for the terms "administrative" and "error" to determine the meaning of "administrative error." Contemporaneous dictionaries define "administrative" as relating to the management of an institution or performance of executive duties. *Administration*, Am. Heritage at 17 (1980) (including administrative as an adjective of administration and defining administration as "[t]he management of affairs," "[t]he activity of a sovereign state in the exercise of its powers or duties," and "[t]he management of any institution . . . public or private"); *Administration*, The Random House Dictionary at 12 (1980) (including administrative as an adjective of administration and defining administration as "the management of an office, agency, or organization"); *Administrative*, Webster's New Collegiate Dictionary at 15 (1980) (defining administrative as "of or relating to administration or an administration"); *Administration*, Webster's New Collegiate Dictionary at 15 (1980) (defining administration as

"performance of executive duties: management" and "the execution of public affairs as distinguished from policymaking"). These dictionaries define "error" as an incorrect act or a mistake. *Error*, Am. Heritage at 445 (1980) (defining error as "[a]n act, assertion, or belief that unintentionally deviates from what is correct, right, or true" and "[a] mistake"); *Error*, The Random House Dictionary at 304 (1980) (defining error as "a deviation from accuracy or correctness"); *Error*, Webster's New Collegiate Dictionary at 385 (1980) (defining error as "an act or condition of ignorant or imprudent deviation from a code of behavior" and "an act involving an unintentional deviation from truth or accuracy"). Based on these definitions, the Court concludes that "administrative error" in 10 U.S.C. § 628(a)(1) means an incorrect act or mistake that happens in connection with the management of, or the performance of executive duties by, a military department.

Lt Col Engle was involuntarily separated because of the Secretary's violation of DoDI 1320.08. *Baude*, 955 F.3d 1290 (Fed. Cir. 2020). DoDI 1320.08, in effect at the time of the Secretary's violation, states that "[i]t is DoD policy to retain competent and effective commissioned officers through the selective continuation process . . . ." DoDI 1320.08 ¶ 4 (2007). It further requires "[t]he Secretaries of the Military Departments . . . [to a]dminister the policy and procedures prescribed herein." *Id.* ¶ 5.2. Simply put, because this instruction governs the management and performance of continuation boards by the military departments and the Federal Circuit determined that the Secretary mistakenly applied the instruction, such violation constitutes an "administrative error" under 10 U.S.C. § 628(a)(1).[12] Therefore, the Secretary is required to convene an SSB for Lt Col Engle.

In its 2024 Decision, the AFBCMR states that "convening an SSB for [Lt Col Engle] is not viable." AR 10. Yet, viability is not a valid consideration under 10 U.S.C. § 628(a)(1). Section 628(a)(1) does not afford the Secretary discretion whether to convene an SSB in the face of administrative error. Rather, it states that if the Secretary determines that a person who should have been considered for promotion was not so considered "because of administrative error . . . the Secretary *shall* convene [an SSB] . . . ." 10 U.S.C. § 628(a)(1) (emphasis added). Moreover, as the government conceded during oral argument, conducting an SSB for Lt Col Engle is not an impossibility. [ECF 84] at 24 ("Yes, your Honor. I believe the board will regularly determine, in the interests of justice, how to fill the gaps in [Lt Col] Engle's service record [during an SSB].").

Additionally, contrary to the government's contention, Lt Col Engle is not required to consent to restoration under 10 U.S.C. § 1558(c)(2)(A) and be constructively reinstated to active duty for the Secretary to convene an SSB. In *Porter*, the Federal Circuit held that "nothing in section 628 requires constructive reinstatement . . . of a twice passed over and discharged officer in order to present the officer's record to an SSB." 163 F.3d at 1321 (interpreting the version of 10 U.S.C. § 628 as amended in 1992). Although the Federal Circuit limited the holding in *Porter* to the language of 10 U.S.C. § 628(b), *see id.* at 1314 n.1 ("Not all of section 628 is before us in this case. Because of the facts presented here, we may overlook section 628(a)(1), (2), and (3),

---

[12] The government conceded during oral argument that the Secretary's violation of DoDI 1320.08 constitutes administrative error. Oral Argument at 17:18-17:22, *Engle v. United States*, No. 16-53 (Fed. Cl. Dec. 9, 2025) ("Yes, the Federal Circuit's decision in *Baude* created administrative error."). The Court cites to the recording of the oral argument because the transcript did not accurately transcribe the government's statement. [ECF 84] at 14 ("Yes. The Federal Circuit's decision about creating an administrative error.").

14

dealing with cases in which an officer did not meet a regular selection board at all because of administrative error."), its logic applies to 10 U.S.C. § 628(a)(1). The issue in *Porter* was whether an officer must be constructively reinstated after involuntary separation to be "eligible" for promotion.[13] *Id.* at 1320. The Federal Circuit determined that constructive reinstatement was not required based on the following rationale:

> We think it unlikely that Congress intended with the use of the word "eligible" to draw a line between officers once passed over and those twice denied promotion, allowing the latter access to an SSB only if they are by a fiction constructively reinstated to the active duty list. We reach this conclusion because of the certain retroactive character of the SSB deliberative process. Consequently, we interpret the word "eligible" in section 628(b) to mean eligible as of the time of the consideration of the officer's record by the selection boards whose decisions are later challenged.

*Id.* at 1320-21. In other words, the Federal Circuit concluded that the officer did not need to be constructively reinstated for the Secretary to convene an SSB because SSBs are "retroactive" and consider an involuntarily separated person for promotion "as of the time" that person would have been considered for promotion. *Id.*

As in *Porter*, an SSB for Lt Col Engle will consider whether he would have been promoted by the promotion boards that should have considered him for promotion but for the administrative error that resulted in his involuntary separation. Additionally, 10 U.S.C. §§ 628(a)(1) and (b)(1) were updated during the *Porter* litigation to remove the "eligible for promotion" language and replace it with "whether or not then on active duty." Strom Thurmond National Defense Authorization Act for Fiscal Year 1999, Pub. L. No. 105-261, § 501(a)(1), 112 Stat. 1920, 2000-01 (1998); *compare* 10 U.S.C. § 628(a)(1) ("If the Secretary . . . determines that because of administrative error a person who should have been considered for selection for promotion . . . was not so considered, the Secretary shall convene a[n SSB] . . . to determine whether that person (*whether or not then on active duty*) should be recommended for promotion." (emphasis added)) *with* 10 U.S.C. § 628(b)(1) ("If the Secretary . . . determines, in the case of a person who was considered for selection for promotion by a promotion board but was not selected, that there was material unfairness with respect to that person, the Secretary may convene a[n SSB] . . . to determine whether that person (*whether or not then on active duty*) should be recommended for promotion." (emphasis added)). This language therefore makes it clear that an involuntarily separated person does not have to be constructively reinstated and be "on active duty" for the Secretary to convene an SSB.

---

[13] As originally enacted, 10 U.S.C. §§ 628(a)(1) and (b)(1) included "eligible for promotion." *Compare* DOPMA § 628(a)(1) ("In the case of an officer who is *eligible for promotion* who the Secretary of the military department concerned determines was not considered for selection for promotion by a selection board because of administrative error, the Secretary concerned . . . shall convene a[n SSB] . . . ." (emphasis added)) *with id.* § 628(b)(1) ("In the case of an officer who is *eligible for promotion* who was considered for selection for promotion by a selection board but was not selected, the Secretary of the military department concerned . . . may convene a[n SSB] . . . ." (emphasis added)).

### D.     Lt Col Engle's Reserve Promotion Does Not Entitle Him to an Active Duty Promotion

Lt Col Engle contends that his reserve promotion to lieutenant colonel entitles him to an active duty promotion in the same grade. [ECF 72] at 27. In support of this argument, he quotes another applicant's AFBCMR decision, BC-2006-00134, which states the following:

> The [AFBCMR] normally only substitutes its judgment and authority for that of a duly constituted promotion [b]oard in the most egregious of circumstances where it has been established that an applicant did not and cannot receive fair and equitable promotion consideration and the applicant has strong support validating their qualification for promotion to the higher grade.

*Id.* at 28 (quoting AR 466). Applying this rationale, Lt Col Engle argues as follows:

> The [Secretary's] violation of DODI 1320.08 is an egregious circumstance that deprived [him] of consideration for an active-duty promotion during the continuation period, the Board determined that the SSB process was not viable for giving [him] fair and equitable promotion consideration, and [he] provided strong support validating [his] qualifications to receive an active-duty promotion to lieutenant colonel.

*Id.* at 32. Lt Col Engle also argues that the Board's decision in his case is "arbitrary and capricious because [it] did not treat similar cases in a similar manner." *Id.* Specifically, he compares his case to another applicant's AFBCMR decision, BC-2004-03840, and asserts that "[t]he Board did not explain why its basis for distinguishing [his] case from BC-2004-03840 outweighs the similarities in the cases." *Id.* at 32. The government counters that the AFBCMR reasonably denied Lt Col Engle's request for an active duty promotion to lieutenant colonel based on his service in the Air Force Reserve. [ECF 77] at 28. According to the government, the AFBCMR correctly explained that "the active duty and [r]eserve promotion boards are two different competitive settings," [ECF 81] at 4 (quoting AR 18), and that "[t]he reasons that Lt Col Engle was denied promotion to lieutenant colonel by two separate Regular Air Force promotion boards have not changed nor has Lt Col Engle shown that they were procedurally flawed," *id.* (citing AR 18). The Court finds that the AFBCMR's decision to deny Lt Col Engle an active duty promotion to lieutenant colonel was not arbitrary or capricious.[14]

As noted above, a decision by a military correction board is arbitrary and capricious when the board "entirely fail[s] to consider an important aspect of the problem, offer[s] an

---

[14] Lt Col Engle also argues that the AFBCMR's denial of his request for active duty promotion to lieutenant colonel "is inconsistent with the Court's opinion in *Berkley* . . . [a] case [that] opines on the fairness of a settlement agreement for a class action lawsuit in which former Air Force officers alleged they were wrongfully discharged based on instructions provided to a reduction-in-force (RIF) board that were discriminatory." [ECF 72] at 37 (citing *Berkley v. United States*, 59 Fed. Cl. 675 (2004)). The Court is unpersuaded by this argument because *Berkley* involves court approval of a settlement agreement between the litigants in that case, and the terms of that settlement agreement do not necessarily apply to the facts of this case.

explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." *Kelly*, 69 F.4th at 894-95 (alteration in original) (quoting *Motor Vehicle Mfrs. Ass'n*, 463 U.S. at 43). Further, when a military board "examine[s] all the relevant facts in the record and explain[s] its conclusions . . . [even if] reasonable minds could reach differing conclusions on the same evidence the court must uphold [its] decision." *Stine*, 92 Fed. Cl. at 791 (internal quotation marks and citations omitted).

In its 2022 Decision, the AFBCMR provided a summary of the two AFBCMR decisions cited by Lt Col Engle. AR 80 (summarizing BC-2004-03840 and BC-2006-00134). The AFBCMR distinguished the decisions as follows:

> The Board notes [Lt Col Engle] requests reinstatement onto active duty in the grade of lieutenant colonel. He contends it is possible he would have been selected for promotion to the grade of lieutenant colonel had he not been involuntarily discharged for nonselection for promotion. He further contends his selection for promotion to lieutenant colonel in the Air Force Reserve is evidence of his likely promotion. However, this is not known. The Board does not find his selection for promotion to lieutenant colonel in the Air Force Reserve sufficient to conclude he would have been selected for promotion by an active duty lieutenant colonel CSB. [Lt Col Engle] also cites AFBCMR cases BC-2004-03840 and BC-200[6]-00134 as precedent to grant his request; however, the Board does not find [his] case is similar to the cited cases. In BC-2004-03480, the applicant was in the grade of captain when discharged. The applicant was considered for continuation and subsequent SSB due to removal of an [Officer Performance Report ("OPR")]. Unlike [Lt Col Engle], the nonselection for continuation was not based on the [Memorandum of Instruction ("MOI")] provided to the promotion board narrowing the selective continuation window. In BC-2006-00134, like [Lt Col Engle], he was denied the request for direct promotion to the grade of lieutenant colonel. While the applicant was recommended for SSB, unlike [Lt Col Engle], he did not receive service credit for retirement.

AR 83. In its 2023 Decision, the AFBCMR again summarized the facts of the two AFBCMR decisions. AR 16 (summarizing BC-2004-03840 and BC-2006-00134). The Board then reached the following conclusion:

> Although [Lt Col Engle] was selected for promotion to lieutenant colonel by a [r]eserve CSB, the active duty and [r]eserve promotion boards are two different competitive settings. Consequently, the Board finds no evidence to show he would have eventually been selected for promotion to lieutenant colonel by an active duty CSB

17

or that his [r]eserve promotion to lieutenant colonel entitles him to an active duty promotion.

* * *

Additionally, [Lt Col Engle] contends the Board deviated from precedent in not recommending he receive a direct promotion to the rank of lieutenant colonel or grant him SSB; however, the Board disagrees. In this respect, the Board finds no similarities between his case and the applicants in the cited cases. In BC-2004-03840, the recommendation for an SSB was due to the recommendation for removal of a contested OPR and [Promotion Recommendation Form ("PRF")]. [Lt Col Engle] did not have any OPR or PRF removed. With respect to the applicant in BC-2006-00134, there was evidence he was denied equal protection of rights and accordingly was granted an SSB. However, his request for a direct promotion was denied. Moreover, while the Board considers similarly situated applicants similarly, each case is based on the individual merits and evidence in the case.

AR 18. In its 2024 Decision, the AFBCMR cited both its 2022 Decision and its 2023 Decision. AR 3-4. The Board acknowledged that Lt Col Engle "requests [that] he be added to an O-5 [lieutenant colonel] promotion list . . . [and concluded that, while Lt Col Engle] cites AFBCMR cases as precedent to grant relief[,] the Board finds [that he] is not similarly situated to any of the applicants in the cited cases." AR 10. The AFBCMR therefore denied Lt Col Engle's request for promotion. *See* AR 1.

Based on this record, the Court finds that the Board provided sufficient rationale to justify its denial of Lt Col Engle's request for an active duty promotion to lieutenant colonel. First, the record shows that the AFBCMR considered the decisions cited by Lt Col Engle and determined that his case was not sufficiently analogous to warrant the same treatment.[15] Next, the Board rationally concluded that Lt Col Engle was not entitled to an active duty promotion based on his reserve promotion because the active duty and reserve promotion boards are separate competitive settings. *See* 10 U.S.C. § 611(a) (active duty selection boards are convened for officers on the active-duty list); 10 U.S.C. § 14301(a) (reserve selection boards are convened for officers on the reserve active-status list). The Court is not persuaded by Lt Col Engle's suggestion that although "the Board obtained and considered [his r]eserve records as

---

[15] The Court reviewed the decisions cited by Lt Col Engle to confirm that the AFBCMR rationally distinguished them. First, unlike Lt Col Engle, the applicant in BC-2004-03840 had an OPR and PRFs removed from his record, and he continued to serve on active duty upon restoration. AR 453-57. Notably, the AFBCMR in BC-2004-03840 recommended the applicant for an active duty promotion to major based on his reserve promotion in the same grade to ensure that he remained competitive for active duty lieutenant colonel promotion boards. *Id.* at 455. Next, unlike Lt Col Engle, the applicant in BC-2006-00134 served on active duty in another military department following his wrongful involuntary separation, and he continued to serve on active duty upon restoration. AR 458-72. In BC-2006-00134, the AFBCMR incorporated the applicant's records from the other military department into his Air Force records and convened an SSB, which selected him for promotion to major, but the AFBCMR denied his subsequent request for active duty promotion to lieutenant colonel. *See id.*

18

documentary evidence[,] . . . [it was also required to] explain why the records of [his] service performed as a lieutenant colonel, much of it performed on active-duty orders, do not provide strong support to validate [his] qualifications to receive a retroactive active-duty promotion to that grade." [ECF 72] at 31. While it is true that the Board's decision "must be sufficiently detailed for the court to ascertain the reasoning behind the denial of benefits to the applicant," *Boyer*, 81 Fed. Cl. at 193, it "need not be expressed in great detail," *id.* (quoting *Craft*, 544 F.2d at 474). Here, the Court can ascertain the AFBCMR's reasoning for denying Lt Col Engle's active duty promotion request, which demonstrates that the Board "examine[d] all the relevant facts in the record and explain[ed] its conclusions." *Stine*, 92 Fed. Cl. at 791. In addition, "[e]ven if the Court disagreed with the [Board's] finding, the Court 'is precluded from substituting its judgment for that of a military department in cases in which reasonable minds could reach differing conclusions based upon the same evidence.'" *Id.* at 794 (quoting *Gallucci v. United States*, 41 Fed. Cl. 631, 643 (1998)).[16]

## IV.   CONCLUSION

For the reasons stated above, Lt Col Engle's motion for judgment on the administrative record, [ECF 72], is **GRANTED-IN-PART** and **DENIED-IN-PART**. It is **GRANTED** with respect to his claims that (i) the AFBCMR is required to correct his military record to remove his involuntary separation and (ii) the AFBCMR arbitrarily denied him an SSB. It is **DENIED** with respect to his claims that (i) the AFBCMR's offered relief violates 10 U.S.C. § 1552 and (ii) the AFBCMR arbitrarily denied his request for an active duty promotion to lieutenant colonel.

The government's cross-motion for judgment on the administrative record, [ECF 77], is also **GRANTED-IN-PART** and **DENIED-IN-PART**. It is **GRANTED** with respect to the government's claims (i) that Lt Col Engle's request for relief under 10 U.S.C. § 1558(c)(3) is premature and (ii) that the AFBCMR rationally denied Lt Col Engle's request for an active duty promotion to lieutenant colonel. It is **DENIED** with respect to the government's claims that Lt Col Engle is not entitled to an SSB.

This case is **REMANDED** to the AFBCMR to convene an SSB for Lt Col Engle, *see* 10 U.S.C. § 628(g)(1)(B), and to issue a new decision based on the results of the SSB. Such

---

[16] Lt Col Engle "request[s] th[e] Court order that [he] be constructively reinstated to active duty in the grades to which [he] was assigned—in the grade of major from 1 December 2011 through 9 August 2012 and in the grade of lieutenant colonel from 10 August 2012 to 1 December 2021." [ECF 72] at 41. He asserts that he has "a clear-cut entitlement to [an active duty] promotion" based on his reserve promotion and that "[t]he Military Pay Act confers on [him] the right to pay of the rank [he] was appointed to up until [he] was properly separated from service." *Id.* at 42. The Court cannot provide this relief. First, the Court generally lacks the authority to grant military promotions. *Dysart v. United States*, 369 F.3d 1303, 1315 (Fed. Cir. 2004) (citations omitted) ("In general, the subject of military promotions is beyond the competence of courts to review."). An order that reinstates Lt Col Engle to active duty in the grade of lieutenant colonel would effectively be an active duty promotion. Next, while the Court may review a decision not to promote where there is a clear-cut entitlement to the promotion in question, Lt Col Engle has not shown that "he has satisfied all the legal requirements for promotion, but the military has refused to recognize his status." *Smith v. Sec'y of Army*, 384 F.3d 1288, 1294 (Fed. Cir. 2004). To the contrary, under 10 U.S.C. § 1558(c)(2)(A), the Secretary is required to offer relief that restores Lt Col Engle to the same status, rights, and entitlements that he would have had but for the involuntary separation. This obligation is satisfied by restoring Lt Col Engle to the grade of major—the rank that he held at the time of his involuntary separation—and by restoring his entitlement to the promotion consideration that he missed due to the involuntary separation.

decision shall set forth the full relief to be provided to Lt Col Engle under 10 U.S.C. § 1558(c)(2)(A) and the full relief to be provided to Lt Col Engle under 10 U.S.C. § 1558(c)(3). Additionally, the following is hereby **ORDERED**:

1. The remand period **SHALL TERMINATE on July 1, 2026**, and proceedings in this case are **STAYED** until that date. If the AFBCMR fails to issue its decision by the termination of the remand period, the parties shall file motions with the Court pursuant to RCFC 52.2(c).

2. The government **SHALL FILE** a status report **on or before May 4, 2026**, advising the Court of the status of proceedings on remand.

3. The AFBCMR **SHALL** promptly forward by email its decision to Lt Col Engle and to counsel of record for the United States and shall also forward two copies to the Clerk of the Court pursuant to RCFC 52.2(d).

4. The parties **SHALL FILE** a notice within **30 days** of the AFBCMR's decision, pursuant to RCFC 52.2(e)(1), stating whether such actions afford a satisfactory basis for the disposition of the case and whether the parties require further proceedings before the Court.

The Clerk is **DIRECTED** to serve a certified copy of this Order and Opinion on the AFBCMR at the following address:

> Deborah F. Davidson
> Air Force Review Boards Agency
> SAF/MRBC (AFBCMR)
> 3351 Celmers Lane
> Joint Base Andrews, MD 20762-6435

**IT IS SO ORDERED.**

s/ Thompson M. Dietz
THOMPSON M. DIETZ, Judge