# In the United States Court of Federal Claims

No. 16-53
(Filed: June 1, 2026)

**NOT FOR PUBLICATION**

```
****************************************
JASON D. ENGLE,                       *
                                      *
              Plaintiff,              *
                                      *
      v.                              *
                                      *
THE UNITED STATES,                    *
                                      *
              Defendant.              *
****************************************
```

## <u>MEMORANDUM OPINION AND ORDER</u>

**DIETZ, Judge.**

Before the Court is Lieutenant Colonel Jason D. Engle's motion to amend the Court's March 3, 2026, Opinion and Order[1] pursuant to Rule 59(e) of the Rules of the United States Court of Federal Claims ("RCFC"). [ECF 87].[2] Lt Col Engle requests that the Court rescind its order requiring the Air Force Board for Correction of Military Records ("AFBCMR") to convene a special selection board ("SSB") and instead

> order the AFBCMR to determine if the gap in [his] records can be filled so that SSBs can be convened and, if the gap can be filled, provide a remand decision that provides sufficient information to establish that the SSBs will consider [his] records as they would have appeared to the original boards that would have considered [him] and compare those records to benchmark records as prescribed in 10 U.S.C. § 628(a)(2).

*Id.* at 2. He also asks the Court to "[a]mend footnote 11 . . . to clarify that the harmless error test is applicable if SSBs are not convened in accordance with 10 [U.S.C. §] 628(a)(1)." *Id.* Lastly, Lt Col Engle requests that the Court "[p]rovide an alternate procedure that requires the AFBCMR to make a harmless error determination if [it] decides it cannot fill the gap in [his] records so that SSBs can be convened as required by 10 U.S.C. § 628(a)(1)." *Id.* at 3.

---

[1] *Engle v. United States*, 180 Fed. Cl. 328 (2026).

[2] The Court cites to the filings on the docket using the page numbers generated by the CM/ECF system.

Because of his status as a *pro se* plaintiff, the Court liberally construes Lt Col Engle's motion as seeking relief from an order pursuant to RCFC 60(b)(6), as well as seeking reconsideration under RCFC 59(a), (e).[3] *See Gladden v. United States*, No. 25-1815, 2026 WL 71322, at *1 (Fed. Cir. Jan. 9, 2026) ("Given [plaintiff's] pro se status, we construe his filings liberally and address both possible interpretations." (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007))). For the reasons below, the Court **DENIES** Lt Col Engle's motion.

A party may seek relief from a court order under RCFC 60(b) upon a showing of an enumerated reason in the rule. *See* RCFC 60(b). "Pursuant to RCFC 60(b), a motion for relief is 'one for extraordinary relief entrusted to the discretion of the [c]ourt . . . which may be granted only in extraordinary circumstances.'" *Wagstaff v. United States*, 118 Fed. Cl. 172, 175 (2014) (alteration in *Wagstaff*) (quoting *TDM Am., LLC v. United States*, 100 Fed. Cl. 485, 490 (2011)), *aff'd*, 595 F. App'x 975 (Fed. Cir. 2014). The movant, to obtain relief under RCFC 60(b), "must provide a sufficient 'reason to believe that vacating the [order] will not be an empty exercise or a futile gesture.'" *Dobyns v. United States*, 915 F.3d 733, 738 (Fed. Cir. 2019) (quoting *Murray v. District of Columbia*, 52 F.3d 353, 355 (D.C. Cir. 1995)). One of the reasons under RCFC 60(b) is a general catch-all which allows a court to grant relief for "any reason that justifies relief." RCFC 60(b)(6). Relief under RCFC 60(b)(6) "'is available only in extraordinary circumstances,' and even then, 'only when the basis for relief does not fall within any other subsections of Rule 60(b).'" *Pastrana v. United States*, No. 25-687, 2026 WL 253618, at *3 (Fed. Cl. Jan. 29, 2026) (quoting *Fiskars, Inc. v. Hunt Mfg. Co.*, 279 F.3d 1378, 1382 (Fed. Cir. 2002)). To grant relief under RCFC 60(b)(6), "the court must find that a 'grave miscarriage of justice' would result if relief is denied." *Kennedy v. Sec'y of Health & Hum. Servs.*, 99 Fed. Cl. 535, 540 (2011) (quoting *United States v. Beggerly*, 524 U.S. 38, 47 (1998)). Here, Lt Col Engle fails to demonstrate the extraordinary circumstances necessary for the Court to amend its March 3, 2026, Opinion and Order.

In its Opinion and Order, the Court held that "[b]ecause Lt Col Engle was entitled to promotion consideration under 10 U.S.C. § 619(b)(1) and did not receive it due to administrative error, the Secretary [of the Air Force] was required to convene an SSB for him under 10 U.S.C. § 628(a)(1)." *Engle*, 180 Fed. Cl. at 341. The Court also found that "viability is not a valid consideration under 10 U.S.C. § 628(a)(1)" because that section "does not afford the Secretary [of the Air Force] discretion whether to convene an SSB in the face of administrative error." *Id.* at 342. Based on this statutory requirement, the Court remanded the case to the AFBCMR to convene an SSB for Lt Col Engle. *See id.* at 346. Lt Col Engle's motion requests that the Court, in place of its remand order to convene an SSB, "order the AFBCMR to determine if the gap in [his] records can be filled" and then order it "to file a decision on remand that includes sufficient information to provide assurances that the SSB process will comply with the law and

---

[3] Lt Col Engle's motion is not properly filed pursuant to RCFC 59(e) because judgment has yet to be entered in the case. *See* Engle, 180 Fed. Cl. at 346 (remanding the case to AFBCMR without entering judgment); *see also* RCFC 59(e) ("A motion to alter or amend a *judgment* must be filed no later than 28 days after the *entry of the judgment*." (emphasis added)). His motion is more appropriately treated as a motion seeking relief from the Court's March 3, 2026, Opinion and Order pursuant to RCFC 60(b)(6). *See* RCFC 60(b) ("On motion and just terms, the court may relieve a party . . . from final judgment, *order*, or proceeding for the following reasons" (emphasis added)); *see also* RCFC 60(b)(6) (listing ground of relief under RCFC 60(b) as "any other reason that justifies relief"). Notwithstanding the above, the Court addresses Lt Col Engle's requested relief under both RCFC 60(b)(6) and RCFC 59(a), (e) to ensure that his request receives full consideration.

regulations." [ECF 87] at 3. He also requests that "[i]f the AFBCMR establishes to this Court's satisfaction that it cannot comply with 10 U.S.C. § 628(a)(2), or if the AFBCMR proposes to fill the gap in [his] records in a manner which this Court determines does not comply with 10 U.S.C. § 628(a)(2)" then the Court should order "an alternate procedure which requires [the AFBCMR to make] a harmless error determination" *Id.* at 6. Lt Col Engle states that his request is to "avert[] the potential for after-the-fact objections by [him] and a subsequent remand to the AFBCMR to correct material errors or flaws in the process that may be identified." *Id.* at 3.

The plain language of 10 U.S.C. § 628 does not allow the Court to impose additional requirements on the AFBCMR as requested by Lt Col Engle. Section 628(a)(1) unambiguously states that the Secretary of the Air Force, in the face of administrative error, "shall convene a special selection board." 10 U.S.C. § 628(a)(1); *see Engle*, 180 Fed. Cl. at 341. The Court's Opinion and Order held that the Air Force committed administrative error, and that such error entitles Lt Col Engle to SSB consideration. *Engle*, 180 Fed. Cl. at 341-42. The statute requires that an SSB "shall consider the record of the person whose name was referred to it for consideration as that record would have appeared to the board that should have considered him" and "[t]hat record shall be compared with a sampling of the records of those officers of the same competitive category who were recommended for promotion, and those officers who were not recommended for promotion, by the board that should have considered him." 10 U.S.C. § 628(a)(2). It does not contemplate allowing the AFBCMR to determine whether it can fill the gaps in the servicemember's record prior to convening an SSB, nor does it require the AFBCMR to provide the servicemember with an explanation on how it will do so prior to convening an SSB. *See generally* 10 U.S.C. § 628. The statute also provides that the SSB convened is subject to judicial review and may be set aside if the court deems it "arbitrary or capricious; [] not based on substantial evidence; [] a result of material error of fact or material administrative error; or [] otherwise contrary to law." 10 U.S.C. § 628(g)(2). Accordingly, the Court cannot grant Lt Col Engle's request to amend its Order and Opinion because doing so would impose additional requirements on the AFBCMR outside the clear requirements of the statute. *See Caminetti v. United States*, 242 U.S. 470, 485 (1917) ("It is elementary that the meaning of a statute must, in the first instance, be sought in the language in which the act is framed, and if that is plain . . . the sole function of the courts is to enforce it according to its terms."). Lt Col Engle may challenge the results of the SSB after the board is convened. *See* 10 U.S.C. § 628(g)(2).

Additionally, the Court states in its Opinion and Order that *Porter v. United States*, 163 F.3d 1304, 1324 (Fed. Cir. 1998) recognized that "the harmless error test was superseded by the statutory requirements of 10 U.S.C. § 628 and is inapplicable [in this case]." *Engle*, 180 Fed. Cl. at 340 n.11. In his motion, Lt Col Engle requests that the Court amend its footnote "to clarify that the harmless error test is applicable if the AFBCMR does not convene SSBs." [ECF 87] at 5. However, his motion is predicated on the mistaken belief that the AFBCMR is permitted to determine that convening an SSB is not viable. *See id.* at 4 (stating "if the AFBCMR decides it cannot fill the gaps in [his] records so that SSBs can be convened . . . [it] has . . . [to] mak[e] the promotion decision under the authority of 10 U.S.C. § 1552, and the harmless error test is applicable to that decision"); *id.* at 5 (stating "if the AFBCMR does not refer my case for SSBs convened under 10 U.S.C. § 628(a)(1) because it cannot comply with 10 U.S.C. § 628(a)(2)" and "[i]f the AFBCMR denies my request for SSBs"); *id.* at 6 (stating "[i]f the AFBCMR establishes . . . that it cannot comply with 10 U.S.C. § 628(a)(2)"). As stated above, the Court's

3

interpretation of section 628's plain language does not grant the AFBCMR discretion to not convene an SSB in the face of administrative error. *See Engle*, 180 Fed. Cl. at 341. The statutory requirements of section 628, therefore, supplanted the application of the harmless error test under circumstances where a servicemember was twice passed over for promotion due to administrative error. *Porter*, 163 F.3d at 1324 ("The harmless error test, while necessary to adjudicate cases . . . before the enactment of section 628, is not only unnecessary now, but grafting it onto section 628 is sufficiently problematic for us to reject that possibility."). Accordingly, the Court's footnote is aligned with the holding in *Porter*, and the Court will not amend it.

Finally, a party may seek reconsideration of a court's judgment under RCFC 59 based upon a showing (1) "for any reason for which a new trial has heretofore been granted in an action at law in federal court," (2) "for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court," or (3) "upon the showing of satisfactory evidence, cumulative or otherwise, that any fraud, wrong, or injustice has been done to the United States." RCFC 59(a). Generally speaking, under RCFC 59(a), "a court, in its discretion, 'may grant a motion for reconsideration when there has been an intervening change in the controlling law, newly discovered evidence, or a need to correct clear factual or legal error or prevent manifest injustice.'" *Biery v. United States*, 818 F.3d 704, 711 (Fed. Cir. 2016) (quoting *Young v. United States*, 94 Fed. Cl. 671, 674 (2010)), *cert. denied*, 580 U.S. 961 (2016). A movant cannot prevail on the grounds of manifest injustice "unless it demonstrates that any injustice is 'apparent to the point of being almost indisputable.'" *Griffin v. United States*, 96 Fed. Cl. 1, 7 (2010) (quoting *Pac. Gas & Elec. Co. v. United States*, 74 Fed. Cl. 779, 785 (2006), *rev'd on other grounds*, 536 F.3d 1282 (Fed. Cir. 2008)). Additionally, granting a motion to reconsider "lies largely within the discretion of the [trial] court," *Pastrana*, 2026 WL 253618, at *4 (alteration in *Pastrana*) (quoting *Yuba Nat. Res., Inc. v. United States*, 904 F.2d 1577, 1583 (Fed. Cir. 1990)), and for a court to grant reconsideration, "the moving party must make 'a showing of extraordinary circumstances,'" *id.* (quoting *Caldwell v. United States*, 391 F.3d 1226, 1235 (Fed. Cir. 2004)). Here, Lt Col Engle fails to make a showing of the extraordinary circumstances necessary for the Court to reconsider its March 3, 2026, Opinion and Order.

Lt Col Engle's motion does not allege an intervening change in the controlling law nor any newly discovered evidence. *See generally* [ECF 87]. Because he does not point to any clear factual errors, *see generally id.*, his argument for reconsideration must rely on clear legal error or manifest injustice, *see Biery*, 818 F.3d at 711. Regarding clear legal error, Lt Col Engle's motion implicitly attempts to identify clear legal error by stating that the Court should amend a footnote in its Opinion and Order "to clarify that the harmless error test is applicable if the AFBCMR does not convene SSBs." [ECF 87] at 5. However, as stated above, the Court's footnote does not constitute legal error because the AFBCMR does not have the discretion to not convene an SSB in the face of administrative error. *See Engle*, 180 Fed. Cl. at 341. Regarding manifest injustice, Lt Col Engle has not demonstrated that the Court's remand to the SSB constitutes manifest injustice. *See generally* [ECF 87]. The Court ordered the AFBCMR to convene SSBs as required by section 628, *Engle*, 180 Fed. Cl. at 346, and the SSB proceedings are currently underway, [ECF 88]. This is the outcome contemplated by section 628. Once the SSBs are completed, Lt Col Engle will have the opportunity to challenge the conduct of the SSBs. *See* 10 U.S.C. §

628(g)(2). Thus, Lt Col Engle has not shown the requisite clear legal error or manifest injustice for the Court to grant his motion for reconsideration.

**IT IS SO ORDERED.**

s/ Thompson M. Dietz
Thompson M. Dietz, Judge